IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUSTIN BAXTER,** | : CIVIL ACTION NO. 1:20-CV-522 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **BARRY R. SMITH,** *et al.*, | : |
| Respondent | : |

**MEMORANDUM**

This is a habeas corpus case under 28 U.S.C. § 2254 in which petitioner Justin Baxter challenges his conviction and sentence for aggravated assault, unlawful possession of a firearm, carrying a firearm without a license, and simple assault by physical menace in the Dauphin County Court of Common Pleas. We will deny the petition for writ of habeas corpus with prejudice.

**I.      Factual Background & Procedural History**

This case arises from a shooting in Harrisburg, Pennsylvania. Dion Dickens, who was inside his home before the shooting, testified that he heard loud voices arguing and went outside. Commonwealth v. Baxter, No. 1752 MDA 2015, 2016 WL 5858562, at *1 (Pa. Super. Ct. Aug. 26, 2016). Dickens saw his two daughters, Monique and Tiana, and three other individuals—Baxter, Joseph Payne-Casiano, and Michael Gelsinger—standing near a parked car. Id. Payne-Casiano and Baxter were arguing with one another. Id. Dickens told them to stop arguing, at which point Baxter went behind a vehicle and Dickens heard the cocking of a gun. Id. Dickens then observed Baxter return from behind the vehicle with his hand on a

gun tucked into his pocket.  Id.  Gelsinger told Baxter "we can light this street up." Id.  Payne-Casiano and Gelsinger returned to their vehicle and Baxter began walking down the street.  Id.  Payne-Casiano then drove his car slowly towards Baxter, at which point Gelsinger reached out of the passenger side window and fired multiple shots towards Baxter.  Id.  Baxter fired shots back at the car.  Id.  Dickens observed the shooting.  Id. Monique Dickens also testified that Baxter, Payne-Casiano, and Gelsinger had gotten into argument and that Baxter displayed a weapon during the altercation.  Id.

Baxter was charged and convicted of aggravated assault, unlawful possession of a firearm, carrying a firearm without a license, and simple assault by physical menace in the Dauphin County Court of Common Pleas and was sentenced to an aggregate term of imprisonment of 9 ½ to 19 years on March 24, 2015.  Id.  He appealed to the Pennsylvania Superior Court, arguing that his aggravated assault conviction was against the weight of the evidence and that the trial court erred by imposing consecutive sentences as to his aggravated assault and carrying a firearm without a license convictions.  Id.  The Superior Court affirmed, finding that Baxter's weight of the evidence argument failed on its merits and that his consecutive sentence argument was procedurally defaulted because Baxter failed to include a separate statement in his brief challenging the sentence in accordance with Pennsylvania Rule of Appellate Procedure 2119(f).  Id. at *1-2.  Baxter did not file a direct appeal to the Pennsylvania Supreme Court.

Baxter filed a petition for state collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA") on March 27, 2017, and the trial court dismissed the

2

PCRA petition on July 23, 2018. See Commonwealth v. Baxter, No. 1339 MDA 2018, No. 1340 MDA 2018, 2019 WL 1500119, at *1 (Pa. Super. Ct. Apr. 4, 2019). Baxter appealed to the Superior Court, raising three claims for relief: (1) that his due process rights were violated when the trial court permitted the government to amend the criminal information to include an aggravated assault charge arising from Baxter's shooting at Payne-Casiano and that trial counsel was ineffective for proceeding to trial in light of this amendment; (2) that counsel on direct appeal was ineffective for failing to include a statement under Rule 2119(f) to challenge Baxter's consecutive sentences; and (3) that trial counsel was ineffective for failing to call character witnesses. Id. The Superior Court affirmed, id. at *4, and Baxter filed a petition for allowance of appeal to the Pennsylvania Supreme Court. Commonwealth v. Baxter, 239 A.3d 1094 (Pa. 2020).

The petition for allowance of appeal was still pending when Baxter filed the instant petition for writ of habeas corpus on April 1, 2020. Baxter raises six claims for habeas corpus relief in the petition: (1) that his aggravated assault conviction is against the weight of the evidence; (2) that the trial court erred by imposing consecutive sentences for the aggravated assault and carrying a firearm without a license convictions; (3) that counsel was ineffective for failing to call character witnesses; (4) that counsel was ineffective for failing to preserve for appeal the issue of whether there was sufficient evidence for Baxter to succeed on a self defense or justification theory; (5) that the district attorney committed misconduct and fraud by putting forth evidence that Baxter was not eligible for dismissal pursuant to the self defense or justification theories; and (6) that Baxter's due process rights were

3

violated when the trial court permitted amendment to the criminal information and that trial counsel was ineffective for failing to object to this error.

Respondents responded to the petition on July 23, 2020. Respondents argued that Baxter's second, fourth, and fifth claims should be denied because they were procedurally defaulted in state court. Respondents argued that Baxter's third and sixth claims should be denied for failure to exhaust in light of the fact that Baxter's petition for allowance of appeal was still pending. Respondents alternatively argued that the third and sixth claims should be denied on their merits. Finally, Respondents argued that Baxter's first claim should be denied on its merits. Baxter has not filed a reply brief in support of his petition, and the deadline for doing so has passed. The petition is accordingly ripe for the court's disposition.

Since the filing of Respondents' response, the Pennsylvania Supreme Court denied Baxter's petition for allowance of appeal on September 30, 2020. See Baxter, 239 A.3d at 1094. In light of the Supreme Court's order, we will consider Baxter's third and sixth claims on their merits.

## II. Procedural Default

We will first consider Respondents' contention that Baxter's second, fourth, and fifth claims should be denied as procedurally defaulted. Under the procedural default doctrine, claims that have not been raised in state court in accordance with the procedural requirements of the state may not be considered in federal habeas corpus proceedings unless the petitioner can establish either (1) cause for the procedural default and prejudice resulting from the alleged violation of federal law or (2) that a fundamental miscarriage of justice would occur if the court did not

4

consider the procedurally defaulted claims on their merits.  Preston v. Superintendent Graterford SCI, 902 F.3d 365, 375 & n.11 (3d Cir. 2018).  Petitioners may establish a fundamental miscarriage of justice if they can make a credible showing of actual innocence.  Reeves v. Fayette SCI, 897 F.3d 154, 160 (3d Cir. 2018).

Procedural default may occur in two ways.  First, claims are procedurally defaulted where the state courts have denied or dismissed the claims due to petitioner's failure to comply with state procedural rules.  Richardson v. Superintendent Coal Twp. SCI, 905 F.3d 750, 759 (3d Cir. 2018) (citing Harrington v. Richter, 562 U.S. 86, 103 (2011)).  Second, claims are procedurally defaulted where the petitioner has not exhausted the claims in state court and state procedural rules would clearly bar the petitioner from bringing the claims in the future.  Whitney v. Horn, 280 F.3d 240, 252 (3d Cir. 2002) (citing Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000)).

Baxter's second, fourth, and fifth claims in this case are procedurally defaulted.  His fourth and fifth claims were not exhausted in state court and state procedural rules would bar him from bringing them in subsequent PCRA petitions. See Baxter, 2019 WL 1500119, at *1; Baxter, 2016 WL 5858562, at *1; 42 Pa.C.S. §§ 9544, 9545.  Baxter raised his second claim before the Superior Court on direct appeal, but the court rejected the claim for Baxter's failure to file a separate statement as required by Pennsylvania Rule of Appellate Procedure 2119(f). Baxter, 2016 WL 5858562, at *2.  Baxter does not make any argument as to why we should excuse the procedural default of these claims.  Accordingly, we will deny his second, fourth, and fifth claims as procedurally defaulted.

5

### III. <u>Merits</u>

Baxter's remaining claims were decided on their merits in state court and are accordingly governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which states in relevant part:

> **(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The standard for obtaining habeas corpus relief under AEDPA is "difficult to meet." <u>Mays v. Hines</u>, 592 U.S. __, 141 S. Ct. 1145, 1149 (2021) (quoting <u>Harrington</u>, 562 U.S. at 102). Federal habeas corpus relief is meant to guard against "extreme malfunctions in the state criminal justice systems" and is not meant to substitute for "ordinary error correction through appeal." <u>Harrington</u>, 562 U.S. at 102-03 (citing <u>Jackson v. Virginia</u>, 443 U.S. 307, 332 n.5 (1979) (Stevens, J. concurring in judgment)). "Federal habeas courts must defer to reasonable state-court decisions," <u>Dunn v. Reeves</u>, 594 U.S. __, 141 S. Ct. 2405, 2407 (2021), and may only grant habeas corpus relief when the state court's decision "was so lacking in justification" that its error was "beyond any possibility for fairminded disagreement." <u>Mays</u>, 141 S. Ct. at 1149 (quoting <u>Harrington</u>, 562 U.S. at 102).

As noted above, our review of Baxter's petition proceeds to the merits as to his first, third, and sixth claims for relief.  We will review these claims *seriatim*.

### A. Sufficiency of Evidence

In his first claim, Baxter asserts that his aggravated assault conviction is against the weight of the evidence.  Claims asserting that convictions are against the weight of the evidence are not cognizable in federal habeas corpus proceedings.[1]  See Hyde v. Shine, 199 U.S. 62, 84 (1905); United States *ex rel* Smith v. Baldi, 192 F.3d 540, 547 (3d Cir. 1951); Lockhart v. Patrick, No. 3:06-CV-1291, 2014 WL 4231233, at *22 (M.D. Pa. Aug. 24, 2014).  We will liberally construe Baxter's claim, however, as arguing that there is insufficient evidence to support the aggravated assault conviction, which is a cognizable claim in a habeas corpus petition.  See Jackson, 443 U.S. at 317-19.

Federal habeas courts considering sufficiency of evidence claims must view the evidence in the light most favorable to the prosecution and determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original).  The court must look to state law to determine the substantive elements of the offense.  Coleman v.

---

[1] Baxter relies on United States v. Johnson, 302 F.3d 139, 150 (3d Cir. 2002) for the proposition that a district court may order a new trial when the jury's verdict is not supported by the evidence.  (See Doc. 1 at 23).  Baxter is mistaken.  Johnson stands for the proposition that district courts may order new trials in *federal* criminal case under Federal Rule of Criminal Procedure 33.  Johnson, 302 F.3d at 150.  Neither Johnson nor Rule 33 allows a district court to order a new trial based on the weight of the evidence in a petition for writ of habeas corpus brought under 28 U.S.C. § 2254.

Johnson, 566 U.S. 650, 655 (2012) (quoting Jackson, 443 U.S. at 324 n.16). When the claim has been decided on its merits in state court, the federal court must be doubly deferential: the jury's verdict may only be set aside if no rational finder of fact could have reached the same verdict and the state court decision upholding the jury verdict may only be disturbed if it is objectively unreasonable. Lambert v. Warden Greene SCI, 861 F.3d 459, 467 (3d Cir. 2017) (citing Coleman, 566 U.S. at 650).

Baxter's aggravated assault charge was brought under 18 Pa.C.S. § 2702, which states in relevant part that a person is guilty of aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life" or if he "attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon." 18 Pa.C.S. § 2702(a).[2] Applying this statute, the Superior Court concluded that there was sufficient evidence to convict Baxter of aggravated assault. See Baxter, 2016 WL 5858562, at *2.

We agree. Baxter readily acknowledges that he fired a gun at the vehicle occupied by Gelsinger and Payne-Casiano. A rational trier of fact viewing this evidence could conclude that Baxter attempted to cause serious bodily injury under circumstances manifesting extreme indifference to the value of human life or that

---

[2] The statute lists seven other means by which a defendant may be convicted of aggravated assault, none of which are relevant to the facts of this case.

he attempted to cause bodily injury using a deadly weapon.  Accordingly, we will deny habeas corpus relief as to this claim.

### B. Failure to Call Character Witnesses

In his third claim, Baxter asserts that his trial counsel provided ineffective assistance of counsel by failing to call character witnesses on his behalf.  To obtain habeas corpus relief based on ineffective assistance of counsel, a petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) that counsel's deficient performance caused prejudice to the petitioner.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  The court's analysis as to whether counsel's performance was deficient must be "highly deferential" to counsel, and the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.

The court's analysis is "doubly deferential" when a state court has already decided that counsel's performance was adequate.  Dunn, 141 S. Ct. at 2410.  The court must apply a high level of deference both to counsel's actions and to the state court's determination that counsel's actions were constitutionally adequate.  Id.; Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (citing Yarborough v. Gentry, 540 U.S. 1, 5-6 (2003)).  The federal court may only grant habeas corpus relief if "*every* 'fairminded jurist' would agree that *every* reasonable lawyer would have made a different decision."  Dunn, 141 S. Ct. at 2411 (emphasis in original) (quoting Harrington, 562 U.S. at 101).

Baxter alleges that trial counsel provided ineffective assistance because he failed to call two character witnesses on his behalf at his sentencing hearing.  (Doc.

9

1 at 26). After hearing testimony from these two character witnesses during the PCRA evidentiary hearing, the state trial court concluded that their testimony at sentencing would not have had an effect on the sentence because they were biased in Baxter's favor and did not provide any testimony that would have changed the court's mind with respect to the sentence. Baxter, 2019 WL 1500119, at *4. The Superior Court affirmed the denial of Baxter's ineffective assistance of counsel claim, finding that any ineffectiveness did not prejudice Baxter. Id. We hold that the Superior Court's decision was reasonable and conformed to clearly established law as to what a petitioner must establish to succeed on an ineffective assistance of counsel claim. See Strickland, 466 U.S. at 687. We will therefore deny habeas corpus relief as to this claim.

### C. Amendment of Criminal Information

Baxter's sixth and final claim argues that his due process rights were violated when the trial court permitted the Commonwealth to amend the criminal information against him to include an aggravated assault claim based on the shots that Baxter fired at Payne-Casiano, despite the fact that the original criminal complaint only charged aggravated assault based on the shots fired at Gelsinger. See Doc. 1 at 30. Baxter argues that this amendment violated the Pennsylvania Rules of Criminal Procedure and that trial counsel was ineffective for failing to object to the amendment. Id.

The Superior Court considered this claim on its merits and denied it, finding that the amendment was proper under Pennsylvania Rule of Criminal Procedure 564, which provides that a trial court:

10

> may allow an information to be amended, provided that the information as amended does not charge offenses arising from a different set of events and that the amended charges are not so materially different from the original charge that the defendant would be unfairly prejudiced. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

See Baxter, 2019 WL 1500119, at *2 (quoting Pa. R. Crim. P. 564). The court accordingly found that there was no merit to Baxter's ineffective assistance of counsel claim. Id.

We hold that the Superior Court's conclusion was reasonable and was not contrary to clearly established federal law. The court found that amendment of the information was proper under the Pennsylvania Rules of Criminal Procedure, and counsel therefore could not have been ineffective for failing to object to the amendment. We also reject Baxter's claim to the extent that it makes a freestanding argument that the amendment violated the Pennsylvania Rules of Criminal Procedure, as federal courts may not grant habeas corpus relief based on violations of state law. Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (citing Estelle v. McGuire, 502 U.S. 62, 67 (1991)).

**IV.   Conclusion**

We will deny the petition (Doc. 1) for writ of habeas corpus with prejudice. A certificate of appealability will not issue because no reasonable jurist would disagree with this ruling or conclude that the issues presented are adequate to

deserve encouragement to proceed further.  Buck v. Davis, 580 U.S. __, 137 S. Ct. 759, 773 (2017) (citing Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)).  An appropriate order shall issue.

                                                          /S/ CHRISTOPHER C. CONNER
                                                          Christopher C. Conner
                                                          United States District Judge
                                                          Middle District of Pennsylvania

Dated:     October 29, 2021